**Davies v. Roshong**

C.P. of Bucks County, no. 93-05483-20-2.

*Thomas J. Newell,* for plaintiffs.
*Michael D. Kracht,* for defendant Ray Roshong.

*Robert C. Mickle Jr.,* for defendants Joseph Hohenstein and Robert J. Scherer.

McANDREWS, *J.,* September 4, 1996—This matter is before the court pursuant to Pa.R.A.P. 1925, in answer to plaintiffs' appeal to the Superior Court from this court's order dated April 11, 1996, which dismissed the plaintiffs' complaint with prejudice. This order also finalized two prior orders. An order of December 1, 1995, denied plaintiffs' petition to enforce a settlement agreement against defendant Scherer only. Another order of February 12, 1996, granted a motion in limine by both defendants Scherer and Hohenstein to dismiss plaintiffs' claim for noneconomic damages.

This case involves a claim for personal injuries arising out of a motor vehicle collision on July 6, 1991. Minor plaintiff Julie Davies was a passenger in a vehicle owned by defendant Robert J. Scherer and operated by defendant Joseph Hohenstein. Plaintiffs instituted legal action against Scherer and Hohenstein to recover noneconomic losses allegedly resulting from the collision.

Prior to trial, defendants filed a motion in limine. The gravamen of the motion was that plaintiffs' claim for noneconomic damages was precluded as a matter of law, because plaintiffs were insured under a limited tort option at the time of the accident and the injured plaintiff did not sustain serious injury, in the form of "serious impairment of body functions," as defined by the Pennsylvania Motor Vehicle Financial Responsibility Law. 75 Pa.C.S. §§1702, 1705. For the reasons set forth below, the court agreed with that position and dismissed plaintiffs' claim for noneconomic damages with prejudice.

The record discloses no dispute over what injuries were sustained by minor plaintiff Julie Davies. In cir-

cumstances where no such dispute exists, the court must resolve the threshold question of whether plaintiffs' claim is precluded as a matter of law for lack of "serious impairment of body functions." *Dodson v. Elvey*, 445 Pa. Super. 479, 665 A.2d 1223 (1995).

In the instant case, plaintiffs were insured under the limited tort option provided for by the PMVFRL at the time of the accident. In exchange for lowered premiums, individuals who make the limited tort election may not recover for noneconomic losses such as pain and suffering except upon a showing of "serious impairment of body functions." The issue before the court was whether plaintiff Julie Davies' injuries met this threshold.

Following the accident, plaintiff Julie Davies was rendered unconscious for a short time. Plaintiff Julie Davies was diagnosed as having suffered a fractured skull and was confined to a hospital for five days. During the first few days of her hospitalization, plaintiff was "groggy," unable to talk and walk, and treated with IVs and a catheter. Upon release from the hospital, plaintiff testified that she was able to resume all activities except sports without pain within a week. Plaintiff was able to swim during a beach vacation in August and was officially authorized by her physician to resume all activities, including sports, at the end of August. Plaintiff did visit a doctor for the repair of a tooth injured in the accident, which necessitated a root canal. Plaintiff's mother testified that the minor's ability to eat was not impaired.

In this court's view, undisputed evidence shows that plaintiff Julie Davies' injuries do not meet section 1702's threshold for "serious impairment of body functions." Except during her brief period of unconsciousness, the evidence does not show plaintiff suffered any impair-

ment of "body functions." Even if plaintiffs' contention at oral argument on defendants' motion in limine, that the ability to "use [one's] body the way [one] had before" qualifies as a body function is taken to be true, plaintiffs did not dispute that by the end of August plaintiff was able to resume use of her body in all ways. Plaintiff's injuries, therefore, even if impairing to a body function are not severe enough to meet section 1702's threshold. Based on the foregoing, the court granted the motion in limine.

Plaintiffs further contend that their claim for non-economic damages should be sustained because it was not established that plaintiffs had validly elected limited tort insurance coverage at the time they entered into the contractual relationship with their automobile insurance carrier, Allstate Insurance Company. This court found that contention to be without merit based upon plaintiffs' own admission that they had made the limited tort election.

In plaintiffs' answer to interrogatories from defendant Ray Roshong, requesting production of evidence as to which tort option had been elected, plaintiffs referred Roshong to a notarized insurance document plaintiffs stated was "applicable at the date of the accident," which clearly stated that plaintiffs had limited tort coverage. Plaintiffs, therefore, admitted valid limited tort election, choosing to dispute solely the separate issue of whether plaintiff Julie Davies' injuries entitled her to recover for noneconomic damages under Pennsylvania law governing limited tort coverage. In reliance thereupon, defense counsel conducted no discovery on the issue of limited tort option election. Accordingly, this court concluded that it would be unfair to allow plaintiffs to belatedly begin to dispute the issue at the time of trial.

The plaintiffs raise an additional issue regarding a purported settlement agreement arising out of a letter sent by defense counsel to plaintiffs on February 23, 1994. Plaintiffs filed a petition to enforce this alleged settlement agreement prior to trial. Defendants responded by denying that any such settlement agreement had been made.[1] Plaintiffs' counsel did not conduct discovery on the issue.

Under Rule 209,[2] a party must either develop the record on an issue denied by an opposing party, through conduct of discovery, or be deemed to admit the facts pleaded in the answer. Rule 209 specifically states:

"If, after the filing and service of the answer, the moving party does not within (15) days:

"(a) proceed by rule or agreement of counsel to take deposition on disputed issues of fact; or

"(b) order the cause for argument on petition and answer (in which all averment of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for purpose of the rule)" Pa.R.C.P. 209.

In the case at hand, plaintiffs were bound by defendants' denial. The court, pursuant to Rule 209, accepted the denial as true and denied the petition.

---

1. Paragraph 14 of defendants' answer to plaintiffs' petition stated:

"It is specifically denied that any offer was made on behalf of defendant, Robert J. Scherer, *only*. See affidavit of Susan J. Cox (and exhibits thereto), incorporated by reference and marked exhibit "B." Strict proof of all the averments in paragraph 14 is demanded."

(Reply brief of defendants, Joseph Hohenstein and Robert J. Scherer, in opposition to plaintiffs' petition to enforce settlement agreement at 7.)

2. Now Pa.R.C.P. 206.

Even absent application of Rule 209, the offer was still not open for acceptance on July 12, 1995. It would be unreasonable for plaintiffs' counsel to consider the settlement offer made on February 23, 1994 open after nearly one and one-half years had passed, during which time circumstances changed as both sides incurred costs from conducting discovery and making other preparations for trial. Additionally, plaintiffs' counsel arguably rejected the February 23, 1994 offer by filing its complaint on March 6, 1994, or alternatively, by making a counteroffer in its May 9, 1995 letter to all defense counsel.

For the above stated reasons, this court granted defendants' motion to dismiss plaintiffs' claim for non-economic damages with prejudice and denied plaintiffs' petition to enforce a settlement agreement against defendant Scherer only.